| | Deficiency in tax. | Overassessment. |
|---|---|---|
| 1909 waiver | $313.98 | |
| 1910 waiver | 223.13 | |
| 1911 waiver | 301.27 | |
| 1917 | | $27.28 |
| 1918 waiver | | 3,424.48 |
| 1919 | | 386.03 |
| 1920 | 5,729.16 | |
| 1921 | 160.95 | |
| Total | 6,728.49 | 3,837.79 |
| Net additional tax | 2,890.70 | |

2. For the calendar year 1917 the Commissioner reduced the invested capital claimed in the return filed by the taxpayer by eliminating from earned surplus amounts representing reserve for Federal taxes and increasing depreciation for years prior to 1917. This elimination was made on the basis of a report of a field agent of the Bureau of Internal Revenue, dated January 24, 1919, in which he recommended a reduction in invested capital as of January 1, 1917, on the ground that the taxpayer had failed to take adequate deduction for prior years. After reducing the invested capital, refunds of $313.98 for 1909, $223.13 for 1910, and $301.27 for 1911 were granted the taxpayer.

3. On July 10, 1924, the taxpayer filed a waiver with the Commissioner, consenting to a determination, assessment, and collection of the amount of income, excess-profits, and war-profits taxes due for the years 1909 to 1917, the waiver to be in effect for only one year from the date it was signed. By virtue of this waiver the Commissioner, in the deficiency letter of September 26, 1924, proposes to reassess the refunds granted to the taxpayer for the years 1909, 1910, and 1911.

4. No claim for refund has been filed by the taxpayer for taxes paid for 1917.

DECISION.

The determination of the Commissioner is approved. The taxpayer failed to adduce satisfactory evidence to show that its invested capital as fixed by the Commissioner was incorrect.

---

Appeal of F. C. CHENEY.                        Docket No. 912.

Deficiency disallowed on the admission of the Commissioner that the taxpayer is entitled to the exemption claimed.

Submitted April 1, 1925; decided April 13, 1925.

W. Frank Gibbs, Esq., for the Commissioner.

Before STERNHAGEN, TRAMMELL, and PHILLIPS.

In filing his income-tax return for 1923, the taxpayer claimed an exemption of $3,600 from gross income, but failed to state his reasons

for such exemption. Consequently, the Commissioner reduced this amount to the sum of $1,000, the exemption allowed single persons under the Revenue Act of 1921, and notified the taxpayer that a deficiency had been determined based on the reduction of the exemption claimed. After this appeal was filed an investigation was made by a revenue agent, and at the hearing counsel for the Commissioner orally admitted certain of the facts alleged in the petition. From the petition and answer and the admissions of the Commissioner made at the hearing the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is an individual residing at Allgood, Ala. The deficiency letter from which this appeal is taken was mailed to the taxpayer October 20, 1924, and asserts a deficiency in income tax for the calendar year 1923.

2. During the year 1923 the taxpayer was a married man, having a wife, with whom he lived, and four children dependent on him, each of the four children being under 18 years of age.

3. The taxpayer is entitled, for the year 1923, to the exemption of $3,600 claimed under the provisions of section 216 (c) and (d) of the Revenue Act of 1921.

### DECISION.

The deficiency determined by the Commissioner is disallowed.

---

### Appeal of BOSTON STRUCTURAL STEEL CO.    Docket No. 836.

On the evidence, the corporations involved in this appeal are affiliated.

Submitted April 1, 1925; decided April 13, 1925.

*Fred C. Fernald, Esq.*, for the taxpayer.
*Laurence Graves, Esq.*, for the Commissioner.

Before GRAUPNER, GREEN, LANSDON, and LITTLETON.

This appeal is from a determination of the Commissioner asserting a deficiency in income tax of $6,102.64 for the years 1918, 1919, and 1920. The only question at issue is whether the Boston Structural Steel Co. and the Bay State Erecting Co. were affiliated corporations, entitled to make consolidated income-tax returns for the years in question. From the oral and documentary evidence offered, the Board makes the following

### FINDINGS OF FACT.

1. The taxpayer is a Massachusetts corporation, incorporated in 1913. It is engaged in the fabrication of structural steel with its principal office in Cambridge, Mass.